IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ .D.C.

05 JUN 23  AM 8: 42

Robert R. Di Trolio
CLERK U.S. DIST. CT.
W.D. OF TN. MEMPHIS

| | | |
|---|---|---|
| THOMAS & BETTS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   02-2953 Ma/An |
| | ) | |
| HOSEA PROJECT MOVERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

### REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff's Motion for Default Judgment, for Dismissal of Hosea

Project Movers, LLC's Counterclaim, and for an Award of Attorney's Fees filed on February 4,

2005.  United States District Judge Samuel H. Mays, Jr. referred this matter to the Magistrate

Judge to conduct a hearing and for a report and recommendation.  The Court held a hearing on

this matter on May 4, 2005.  For the reasons set forth below, the Court recommends that the

Motion for Default Judgment be **DENIED**, the Motion for Dismissal be **DENIED**, and the

Motion for Attorney's Fees be **GRANTED**.

### BACKGROUND

Plaintiff filed this Motion pursuant to Fed. R. Civ. P. 37(b), 37(d), and 41 requesting that

the Court enter default judgment on the issue of liability against Defendant, dismiss Defendant's

counterclaim and award Plaintiff attorney's fees.  Plaintiff alleges that Defendant has committed

various acts of discovery misconduct in this case by repeatedly canceling depositions set by

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _6-23-_

Plaintiff. Plaintiff also alleges that sanctions are appropriate because Defendant has refused to comply with an Order of the Court.

Almost a year ago, the parties agreed to hold the depositions of three of Defendant's corporate officers on June 11, 2004. These officers were Mr. David Hosea, Defendant's President, Mr. Williams Holmes, Defendant's Executive Vice President, and Mr. Ernie Liggett, Sr., Defendant's Senior Project Manager who was responsible for Plaintiff's project at issue in this case. On June 8, 2004, however, Defendant's counsel informed Plaintiff's counsel that the three officers would be unable to give their depositions on June 11. After several discussions, the parties agreed that the witnesses would be deposed on June 25, 2004 at Plaintiff's counsel's office in Memphis, Tennessee.

The June 25, 2004 depositions did not take place, as Defendant filed a Motion to Quash the deposition notices of the three officers.[1] The undersigned denied the Motion to Quash on September 8, 2004 and held that "Memphis is the more appropriate location for the [officers'] depositions." *Thomas & Betts Corp. v. Hosea Project Movers LLC*, Order Denying Def.'s Mot. to Quash Notices of Dep., No. 02-2953 Ma/An (W.D. Tenn. Sept. 8, 2004). The undersigned therefore ordered Defendant "to produce the three officers at Plaintiff's counsel's office for depositions at a time to be agreed upon by counsel for the parties, but no later than October 5, 2004." *Id.* Defendant filed objections to the undersigned's September 8, 2004 Order, and Judge Mays affirmed the undersigned's Order on October 19, 2004.

Following Judge Mays' decision to affirm the September 8, 2004 Order, the parties again attempted to schedule dates for the officers' depositions. On October 27, 2004, Defendant's

---

[1]The Motion to Quash was filed by Defendant on June 21, 2004 and can be located at docket entry 28.

2

counsel informed Plaintiff's counsel that he would be checking with his client for possible dates in December, and on November 30, 2004, Defendant's counsel sent a similar notice to Plaintiff's counsel suggesting possible dates in January.  On December 1, 2004, Defendant's counsel stated that "I have not been able to receive from my clients dates for [the officers] to be deposed in Memphis.  Accordingly, if you simply want to set those depositions by notice, they will be forced to attend." (Mot. for Default Judgment, at 4-5).  Pursuant to this request, Plaintiff's counsel set the depositions for the officers to be held on January 5-6, 2005 in Memphis.

On December 29, 2004, Plaintiff's counsel took steps to confirm the appearance of the deposition witnesses in Memphis, and at that time, a paralegal for Defendant's counsel informed Plaintiff's counsel that the witnesses would be unavailable for January 5-6, 2005 and would not appear in Memphis.  A formal letter was sent by Defendant's counsel informing Plaintiff of the unavailability of the witnesses on January 3, 2005.  At this point, Plaintiff's counsel informed Defendant that if the witnesses failed to appear for the next-scheduled deposition date, Plaintiff would file a motion requesting that the Court dismiss this lawsuit.  The depositions were then noticed for January 20, 2005.

On January 18, 2005, two days prior to the scheduled depositions, Defendant's counsel notified Plaintiff's counsel that the witnesses would be unable to attend the depositions.  In a follow-up letter, Defendant's counsel stated that "[w]e found out today that the corporate witnesses . . . have a conflict and will be unable to attend their depositions currently scheduled for Thursday." (*Id.* at 6).  After learning of the witnesses' cancellation, Plaintiff filed the instant motion.  After Plaintiff filed this motion, Defendant's counsel noticed the depositions for the three witnesses to be held in Memphis on February 23, 2005, and the depositions finally occurred

in Memphis on this date.  Besides asking substantive questions about this case,  Plaintiff questioned the officers at their depositions why the previously scheduled depositions did not take place.  The officers were unable to offer specific reasons why the depositions were canceled and rescheduled, although the witnesses did mention business conflicts and health problems as reasons for needing to change the deposition dates.  At one point, Mr. Hosea became hostile during his deposition, as he shouted profanity at opposing counsel and threatened opposing counsel.

Plaintiff requests the Court impose sanctions against Defendant because of Defendant's "repeated and unjustified failure to appear for their depositions and its failure to respond to discovery requests . . . ."  (*Id.* at 8).  Plaintiff argues Defendant acted in bad faith by its officers' refusal to appear for the depositions and that Plaintiff has been prejudiced by Defendant's conduct.  Plaintiff also argues that Defendant violated the Court's September 8, 2004 Order by refusing to appear for depositions in Memphis.

In Response to the Motion, Defendant states that Plaintiff neglected to mention in its Motion that the parties had scheduled the depositions for the officers on February 23, 2005. Additionally, from January 19, 2005 to February 3, 2005, Defendant notes several instances where Plaintiff's counsel actually delayed the setting of the depositions in order to "go forward with the motion for sanctions." (Resp. to Mot. for Sanctions, at 3).  Defendant next argues that it did not violate the Court's September 8, 2004 Order because they "have made efforts to schedule available dates to" depose the officers.  (*Id.*).  Defendant finally argues that Plaintiff has engaged in its own discovery misconduct.

4

## ANALYSIS

The Court has both express power, under Federal Rule of Civil Procedure 37, and inherent power to impose sanctions for bad faith conduct during discovery. *See* Fed. R. Civ. P. 37; *Chambers v. NASCO*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Rule 37 provides two frameworks for the imposition of sanctions. First, under subsections (a) and (b), a party may move for an order to compel discovery. If that motion is granted and a party refuses or fails to comply with the Court's Order, the Court may issue a wide range of sanctions under Rule 37(b), including dismissal of the lawsuit. Second, subsection (d) provides for a less common scenario when sanctions may be imposed even though no prior court order has been issued. The Court may enter an order for sanctions under Rule 37(d), for example, if a party fails to attend a deposition or respond to discovery requests. Rule 37(d) also allows the Court to award attorneys' fees and expenses.

The Court may also impose sanctions based on its inherent authority. A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). This inherent power includes the Court's "power to control and supervise its own proceedings." *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997).

The decision to impose sanctions lies within the sound discretion of the trial court. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993). Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who

might be tempted to such conduct in the absence of such a deterrent." *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

### I. Motion for Default Judgment and Motion to Dismiss Counterclaim

Dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith." *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). The word "willful" is defined in *Black's Dictionary* to mean "[v]oluntary and intentional, but not necessarily malicious." *Black's Dictionary* 1593 (7th ed. 1999).

After due consideration, the Court concludes that default judgment and dismissal of Defendant's Counterclaim is not justified at this time. Unquestionably, Defendant did not cooperate in the discovery process and did not act in good faith when attempting to schedule the corporate officers' depositions. Furthermore, after reviewing the deposition transcripts and Plaintiff's Reply Brief, it appears Mr. Hosea believes he can decide, unilaterally, when it is appropriate and when it is not appropriate for him to appear at a deposition. Such behavior is not condoned by the Court.

Nevertheless, the officers have submitted to depositions since the filing of this motion. As noted by Justice Douglas in his dissenting opinion in *Link v. Wabash Railroad Co.*, "the very

purpose[] for which courts were created . . . [is] to try cases on their merits and render judgments in accordance with the substantial rights of the parties." *Link v. Wabash R. Co.*, 370 U.S. 626, 648 (1962) (Douglas, J., dissenting). As such, dismissing this case because of Mr. Hosea's delay tactic is not appropriate. Some punishment may be appropriate against Defendant; however, the "sanction of last resort" is not. Therefore, the Court recommends that the Motion for Default Judgment and the Motion for Dismissal of Defendant's Counterclaim should be **DENIED**.

## II. Motion for Attorney's Fees

As mentioned above, the Court has the inherent power to impose sanctions as it deems appropriate. Federal Rule of Civil Procedure 37 provides that the payment of reasonable expenses, including attorney's fees, is an appropriate sanction. *See* Fed. R. Civ. P. 37. In addition, "a court may assess attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Dillon*, 986 F.2d at 266. The United States Supreme Court agrees with the *Dillon* court. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980) ("Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders.").

Although default judgment and dismissal are not necessarily appropriate sanctions in this case, the Court concludes that Defendant should be required to pay certain attorney's fees and costs associated with this discovery dispute. Plaintiff asks for "the costs associated with the depositions, including but not limited to, the fees for opposing [Defendant's] motion to quash and the appeal of the September 8, 2004 Order, the fees for noticing and scheduling the

depositions and communicating on the subject, and the fees for preparing this motion and brief." (Mot. for Default Judgment, at 14).

The Court concludes that Plaintiff is not entitled to reimbursement for the costs and expenses associated with the initial Motion to Quash filed in June 2004 and with the appeal of the undersigned's Order in September 2004. The Court can only assume that Defendant acted on a good faith belief that the deposition notices should have been quashed when it filed its Motion to Quash; therefore, the Court finds it inappropriate to require Defendant to pay for this good faith act. Additionally, all parties are entitled to appeal an Order, so Plaintiff should be responsible for paying for its fees and expenses associated with the appeal.

The Court, however, concludes that Plaintiff should be reimbursed for the costs and expenses associated with the Motion for Default Judgment. Defendant's decision to postpone and re-schedule deposition after deposition is sufficient grounds for requiring Defendant to pay any costs and expenses associated with this motion. Defendant has not shown the Court any reason why the depositions needed to be rescheduled, other than citing busy corporate executive schedules. Moreover, when the depositions did occur in February 2005, the officers were unable to specifically state why the depositions needed to be rescheduled so many times at such short notice. General answers and excuses are not sufficient for the Court. Finally, the actions of Mr. Hosea during his deposition, discussed further in part III of this Order, is sufficient grounds for the imposition of sanctions against Defendant. As such, using its inherent power and relying on Fed. R. Civ. P. 37, the Court recommends that Plaintiff's Motion for Attorney's Fees be **GRANTED**. Within 11 days of an Order adopting this report and recommendation, Plaintiff

should submit an affidavit listing the fees and expenses incurred with respect to the Motion for Default Judgment.

### III. Mr. Hosea's Conduct

Plaintiff provided a transcript and audio recording of Mr. Hosea's deposition, which took place on February 23, 2005, and the Court has reviewed these materials. Mr. Hosea's conduct was totally inappropriate, and the Court will not tolerate such flagrant and abusive conduct by Mr. Hosea, or any other witness. Profanity shall not be tolerated in these proceedings under any circumstance. *See* Dep. of David Hosea, at 31, 63, 93, 95, 110, 114, 115, 116 (showing examples of Mr. Hosea's use of profanity). Mr. Hosea is warned that any future behavior that involves vulgar language, abusive conduct, or threats will be dealt with harshly.

### <u>CONCLUSION</u>

For the reasons set forth above, the Court recommends that the Motion for Default Judgment and the Motion for Dismissal of Defendant's Counterclaim be **DENIED**. The Court also recommends that Plaintiff's Motion for Attorney's Fees be **GRANTED** and that Plaintiff be given 11 days to file an accounting with the Court of certain fees and expenses.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date:  June 15, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 125 in case 2:02-CV-02953 was distributed by fax, mail, or direct printing on June 23, 2005 to the parties listed.

---

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

W. Judd Peak
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT