IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP -8 PM 5:05

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| THOMAS & BETTS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02-2953-Ma/An |
| ) | |
| HOSEA PROJECT MOVERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| HOSEA PROJECT MOVERS, LLC ) | |
| ) | |
| Counter-Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| THOMAS & BETTS CORPORATION, ) | |
| ) | |
| Counter-Defendant. ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Before the Court is Plaintiff/Counter-Defendant Thomas & Betts Corporation's Motion for Protective Order and to Quash Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) filed on August 12, 2005. Plaintiff filed the Motion in response to Defendant/Counter-Claimant Hosea Project Movers, LLC's notice to take the Fed. R. Civ. P. 30(b)(6) deposition of BDP International, Incorporated served by Hosea Project Movers, LLC on August 9, 2005. United States District Judge Samuel H. Mays, Jr., referred the matter to the Magistrate Judge for determination. The Court held a hearing on this Motion on Thursday, September 8, 2005. For

the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not make a distinction among types of depositions. The Rules do not address whether a deposition is part of discovery or whether it is intended to preserve testimony. As such, it is the Court's opinion that the deposition the Defendant now seeks to take would be subject to the deadline for completion of discovery as set forth in the Scheduling Order. Further, the Defendant did not file a motion with the Court seeking leave to take the deposition beyond the deadline for completion of discovery but simply noticed counsel for the Plaintiff that the deposition had been set.

The Defendant states in its Response to Plaintiff's Motion for Protective Order and to Quash, however, that it first became aware that the Plaintiff was claiming that no bills of lading were ever issued for Machine #2 and Machine #14 when it received Plaintiff's Response to Defendant's Motion for Summary Judgment. The Defendant contends that it was only then that it realized that testimony from BDP International, Incorporated would be relevant. Thus, it does not appear that the Defendant has been dilatory in seeking this deposition.

Under the circumstances, the Court will deny Plaintiff's Motion for Protective Order and to Quash. The Defendant will be allowed to depose BDP International, Incorporated but, as per the Court's Order regarding the Plaintiff's Motion to Stay Rule 30(b)(6) Deposition, the scope of the deposition will be limited to whether bills of lading were issued for Machine #2 and Machine #14.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: September 08, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 159 in case 2:02-CV-02953 was distributed by fax, mail, or direct printing on September 13, 2005 to the parties listed.

---

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

W. Judd Peak
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT