FILED BY _____ D.C.

05 OCT 12 PM 5:41

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS & BETTS CORP., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>HOSEA PROJECT MOVERS, LLC, )<br>)<br>Defendant/Counter-Plaintiff. )<br>) | No. 02-2953 Ma/A |

**ORDER AFFIRMING SEPTEMBER 8, 2005 ORDERS OF THE MAGISTRATE JUDGE**

On August 9, 2005, Defendant/Counter-Plaintiff Hosea Project Movers, LLC ("Hosea") served notice to take the deposition of BDP International, Inc. ("BDP") under Fed. R. Civ. P. 30(b)(6). In response, Plaintiff/Counter-Defendant Thomas & Betts Corp. ("Thomas & Betts") filed a motion for protective order and to quash deposition pursuant to Fed. R. Civ. P. 26(c) on August 12, 2005. On September 2, 2005, Hosea again served notice to take the Rule 30(b)(6) deposition of BDP. Thomas & Betts filed a motion to stay the deposition on September 6, 2005. On September 8, 2005, Hosea filed a response to the motion for protective order and to quash deposition.

On September 8, 2005, a hearing on the motions was held before the magistrate judge. He issued orders denying Thomas & Betts' motion for protective order and to quash deposition and

1

denying in part and granting in part Thomas & Betts' motion to stay on September 8, 2005. Before the court are Thomas & Betts' objections to and appeal of the magistrate judge's orders.

This court may reject the magistrate judge's decision about a nondispositive matter only if that decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). See Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). A decision is clearly erroneous when the court "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." Tri-Star Airlines, Inc. v. Willis Careen Corp. of Los Angeles, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)(citing Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985)).

In its order denying Thomas & Betts' motion for a protective order and to quash deposition, the magistrate judge correctly found that there is no distinction between discovery depositions and depositions to preserve testimony in the Federal Rules of Civil Procedure, meaning that the deposition of BDP is subject to the deadline for completion of discovery, which has passed. The magistrate judge allowed Hosea to take the deposition of BDP, but

2

limited its scope to whether bills of lading were issued for Machine No. 2 and Machine No. 14 because the magistrate judge found that Hosea had not been dilatory in seeking the deposition on that issue because it was not aware of Thomas & Betts' claim that no bills of lading were issued for those machines until after the deadline for discovery had passed.

Thomas & Betts argues that this decision was clearly erroneous because this court found in its August 29, 2005 order on pending motions that the Carmack Amendment, 49 U.S.C. § 14706(a)(1), did not apply, making the issue of whether bills of lading were issued irrelevant. It further argues that Hosea was, in fact, dilatory in not seeking to obtain BDP's deposition during the discovery period because BDP was Hosea's subcontractor on the contract with Thomas & Betts and because the issue of whether the Carmack Amendment applied, making the bills of lading relevant, was raised by Hosea in its April 13, 2005 motion for summary judgment. The deadline for discovery did not pass until May 1, 2005.

Despite Thomas & Betts' arguments, the magistrate judge's decision is not clearly erroneous. The evidence shows that Hosea was not aware of any claim that bills of lading had not been issued for the two machines until May 16, 2005, after the discovery deadline had passed, when Thomas & Betts filed its reply to Hosea's motion for summary judgment. Although Hosea was

3

aware that BDP might have relevant evidence and could have deposed it before the discovery deadline had passed, it was not unreasonable to find that Hosea was not aware until after the discovery deadline had passed of the need to depose BDP on the issue of whether bills of lading were issued . Furthermore, the court's finding that the Carmack Amendment is not applicable in this case does not make all evidence related to bills of lading irrelevant. Therefore, by allowing the deposition of BDP, but limiting it to the issue of whether bills of lading were issued, the magistrate judge did not clearly err.

For the foregoing reasons, the magistrate judge's orders denying Plaintiff's motion for protective order and to quash deposition and denying in part and granting in part Plaintiff's motion to stay are AFFIRMED.

So ordered this 12th day of October 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 200 in case 2:02-CV-02953 was distributed by fax, mail, or direct printing on October 17, 2005 to the parties listed.

---

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

W. Judd Peak
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT