IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THOMAS & BETTS CORP., | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) No. 02-2953 Ma/A |
| HOSEA PROJECT MOVERS, LLC, | ) |
| Defendant/Counter-Plaintiff. | ) |

**ORDER DENYING REQUEST FOR DETERMINATION OF FOREIGN LAW**

Before the court is Defendant Hosea Project Movers, LLC's ("Hosea") request for determination of foreign law under Fed. R. Civ. P. 44.1 received by the court on October 21, 2005. Hosea requests that the court interpret Mexican law, specifically Ley Aduanera [Customs Law], *as amended*, Diario Oficial de la Federación [D.O.], el 15 de diciembre de 1995 (Mex.). Thomas & Betts Corp.'s ("Thomas & Betts") response was received by the court on October 24, 2005.

In its response, Thomas & Betts argues that Hosea did not provide reasonable notice of its intent to raise an issue of foreign law. Thomas & Betts notes that trial is set to begin on Tuesday, October 25, 2005, and that the Notice of Determination of Foreign Law was not filed until Friday, October 21, 2005. Initially, both Thomas & Betts and this court were given the law

1

only in Spanish. An English translation of the Customs Law was sent to the court shortly before 4 p.m. on October 21, and Thomas & Betts received the English translation around 4:30 p.m. that day. Hosea provides no reason for its failure to give notice earlier.

A party wishing to raise an issue of foreign law must provide notice in its pleadings or other reasonable notice. Fed. R. Civ. P. 44.1. The Advisory Committee note on Rule 44.1 discusses reasonable notice,

> The new rule does not attempt to set any definite limit on the party's time for giving notice of an issue of foreign law; in some cases the issue may not become apparent until trial and notice then given may still be reasonable. The stage which the case had reached at the time of the notice, the reason proferred by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised, are among the factors which the court should consider in deciding a question of the reasonableness of a notice.

Fed. R. Civ. P. 44.1 Advisory Committee's note ¶ 3. Although late notice can be reasonable, "in the absence of extenuating circumstances, a party should not be permitted to raise an issue of foreign law after the final pretrial conference described in Rule 16 has been held." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2443 (2d ed. 1995).

The final pretrial conference in this case was held on October 13, 2005, more than a week before Hosea filed its Rule 44.1 notice. Furthermore, there is no reason Hosea could not

2

have filed its notice before the final pretrial conference. On September 12, 2005, both Thomas & Betts and Hosea filed motions related to the customs documents filed by Thomas & Betts in order to import its die-casting machine from the United States into Mexico, and Hosea had been aware of the Mexican customs documents and the possible relevance of the Customs Law since this action commenced.

Finally, the issue does not appear important to the case as a whole. Hosea contends that the Customs Law requires an importer to give the fair market value on the customs forms and, therefore, that Thomas & Betts' valuation of the die-casting machine on the customs documents should be regarded as the fair market value of the machine, not the machine's book value, as Thomas & Betts contends. A cursory examination of the Customs Law, however, indicates that a variety of methods of valuation are accepted for purposes of determining the amount of import tax owed. See Ley Aduanera Arts. 64, 71, 78. Furthermore, the value in customs of the goods apparently is the price paid for the goods, which would not necessarily be the same as the fair market value of the goods at the time of the incident at issue. Id. Art. 64. The value also seems to include a number of additional charges that would not be included in the fair market value. Id. Art. 65. These basic observations indicate that a more comprehensive examination of the law would have very little

impact on the case as a whole and should not be conducted at this time.

For the foregoing reasons, Hosea's request for determination of foreign law is DENIED.

So ordered this 24th day of October 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 223 in case 2:02-CV-02953 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

---

M. Clark Spoden
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

W. Judd Peak
FROST BROWN TODD LLC
424 Church St.
Ste. 1600
Nashville, TN 37219

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Patrick T. Burnett
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT